IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RALPH HARRISON BENNING, | |
| Plaintiff | |
| VS. | NO. 5:08-CV-435 (HL) |
| STATE OF GEORGIA, *et al.*, | |
| Defendants | Proceedings Under 42 U.S.C. §2000cc-1(a)<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# ORDER AND RECOMMENDATION

Plaintiff Ralph Harrison Benning, at all times relevant to the events complained of in the above-captioned case, was in the custody of the Georgia Department of Corrections. Plaintiff Benning, a convicted murderer and Torah Observant Jew, is suing the State of Georgia, the Georgia Board of Corrections, the Georgia Department of Corrections, and former COMMISSIONER James E. Donald alleging violations of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc-1(a). He contends that the defendants' actions substantially burden and/or prohibit him from complying with certain fundamental requirements of his religion. The particular religious requirements at issue include a prohibition on the use of razors for removing facial hair and an obligation to wear earlocks.[1] By way of relief, the plaintiff seeks an order directing the defendants to allow him to wear earlocks and to provide him with an alternative depilatory product in lieu of razors. He also requests that he be awarded his costs in bringing this action.

In response to the plaintiff's assertions and requests, the defendants filed a motion seeking dismissal. Tab #11. Plaintiff Benning was ordered to file (Tab #13) and has filed a response (Tab #14) to the defendants' motion. As the time allotted for a reply has now expired, the defendants' motion for dismissal is ripe for review.

---

[1] In the context of this action, an earlock is a lock of hair worn in front of each ear by Hasidic and Yemenite Jewish males in accordance with a Biblical prohibition against clipping the hair at the temples.

## LEGAL STANDARDS

### FAILURE TO STATE A CLAIM

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### CLAIMS UNDER THE RLUIPA

The RLUIPA was enacted to protect the religious exercise of institutionalized persons. The statute provides that "no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person is 1) in furtherance of a compelling governmental interest, and 2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-l. In view of the above, stating a *prima facie* claim under section 3 of the RLUIPA requires a plaintiff to demonstrate that his religious exercise was substantially burdened by a government action, policy, or practice. See *Smith v. Allen*, 502 F. 3d 1255 (11th Cir. 2007). If the plaintiff establishes a *prima facie* claim, the burden shifts to the government to demonstrate that the challenged action is in furtherance of a compelling governmental interest and that it is the least restrictive means of furthering that compelling governmental interest.

**DISCUSSION**

In their motion seeking dismissal, the defendants correctly note that the only proper RLUIPA action defendants are the government or its employees acting in their official capacity. The defendants next observe that the plaintiff has named James E. Donald, former COMMISSIONER of the Georgia Department of Corrections, as an individual capacity defendant in this action. Furthermore, the defendants aver that former COMMISSIONER Donald has been succeeded in office by COMMISSIONER Brian Owens. Accordingly, the undersigned **RECOMMENDS** that former COMMISSIONER Donald be terminated as a defendant in this action and **ORDERS** that COMMISSIONER Brian Owens be substituted as a party defendant in his official capacity only.

The defendants next argue that plaintiff Benning has failed to state a claim upon which relief can be granted. This, the defendants contend, is because the plaintiff has not made out a *prima facie* RLUIPA claim with respect to his allegations involving depilatory products and has not exhausted available administrative remedies with regard to his earlock claim. The defendants go on to posit that even if plaintiff's earlock claim was found to be exhausted, enforcement of the policy prohibiting the plaintiff from wearing earlocks constitutes the least restrictive means available to achieve the compelling state interests of inmate identification and security. Following this summary of arguments in support of dismissal, the defendants proceeded by addressing each claim individually. In the interests of clarity, the undersigned will also utilize this format beginning with the earlock claim.

**Claim That Defendants Be Required to Permit Earlocks**

In his complaint, plaintiff Benning avers that, as a Torah Observant Jew, he is not permitted to remove his earlocks. He then avers that the defendants, via policy, refuse to allow him to grow and/or wear earlocks. Finally, the plaintiff declares that the defendants' enforcement of this policy imposes a substantial burden on his religious exercise and that the policy itself is not supported by a compelling governmental interest.

As noted above, the defendants respond to these allegations by arguing that the claim should be dismissed as unexhausted or, in the alternative, because enforcement of this policy, and the policy itself, constitutes the least restrictive means available to achieve the compelling governmental and penological interests of inmate identification and security.  In opposition, plaintiff Benning responds by stating that he did indeed exhaust this issue by seeking all available administrative remedies as required by the Prison Litigation Reform Act (PLRA).  He then goes on to cite and discuss pertinent scripture, passages from the Code of Jewish Law, and selected provisions of the Official Compilation of the Rules and Regulations of the State of Georgia in support of his earlock claim.  He concludes by asserting that the issue of whether or not the defendant's sanitation policy represents the least restrictive means of achieving a compelling government interest is one of credibility and should therefore be reserved for a jury.

With respect to the plaintiff's earlock claim, and after having carefully read and considered the arguments and evidence submitted by the parties, it appears to the undersigned that even if the contested issue of exhaustion was resolved in favor of the plaintiff, dismissal would still be required. This conclusion is premised upon the fact that prison policies prohibiting inmates from wearing facial hair have repeatedly been found to be the least restrictive means of achieving the compelling government interests of, *inter alia,* inmate identification and security.  See *Harris v. Chapman,* 97 F.3d 499 (11th Cir. 1996); *Brunskill v. Boyd*, 141 Fed. Appx. 771 (11th Cir. 2005). Accordingly, **IT IS RECOMMENDED** that the defendants motion seeking dismissal of this claim be **GRANTED** and that plaintiff Benning's earlock claim be **DISMISSED**.

**<u>Claim That Defendants Be Required to Provide a Depilatory Product in Lieu of Razors</u>**

Plaintiff Benning's next claim involves his assertion that, as a Torah Observant Jew, he is not permitted to use any type of blade to remove his facial hair. As such, he avers that he should be provided with an alternative depilatory product in lieu of the razors presently supplied by the defendants. According to the plaintiff, the defendants' policy of supplying only razors, coupled with their strict enforcement of the facial hair policy, imposes a substantial burden on his religious exercise. As the plaintiff believes there is no government interest in refusing to supply any alternative depilatory products, he makes no comment about the least restrictive means issue.

In response to these assertions, the defendants begin by stating that the plaintiff has exhausted his administrative remedies as to the instant claim. They then concede that plaintiff is sincere in his religious beliefs and that his religion requires him to refrain from using a razor to remove his facial hair. Having made these concessions, they aver that they have not restricted the plaintiff from using depilatory products. Instead, the defendants state that they have merely refused to provide plaintiff Benning with these products free of charge. Accordingly, the defendants conclude that their actions and policies have in no way forced the plaintiff to modify his behavior or violate his religious beliefs. Consequently, they contend that the plaintiff has failed to demonstrate a *prima facie* claim under the RLUIPA. The undersigned disagrees.

As was previously noted, stating a *prima facie* claim under section 3 of the RLUIPA requires a plaintiff to demonstrate that his religious exercise was substantially burdened by a government action, policy, or practice. In the instant claim, it is uncontested that the plaintiff's religion prohibits using a blade to remove facial hair. It is also uncontested that the defendants's policy requires the plaintiff to routinely remove his facial hair and that the only instrument provided by the defendants for this purpose is a razor, an instrument which the defendants concede the plaintiff is religiously prohibited from using. In view of these observations, and despite the defendants' contention to the contrary, it appears quite obvious that the plaintiff has adequately stated a claim under the RLUIPA. Accordingly, **IT IS RECOMMENDED** that this claim be allowed to proceed and that the defendants motion seeking dismissal of this claim be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the RECOMMENDATIONS herein with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO ORDERED AND RECOMMENDED**, this 14th day of JANUARY, 2010.



                                        CLAUDE W. HICKS, JR.
                                        UNITED STATES MAGISTRATE JUDGE