**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **RALPH HARRISON BENNING,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:08-CV-435 (HL) |
| | : | |
| **STATE OF GEORGIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER**

This matter is before the Court on the Recommendation of United States Magistrate Judge Claude W. Hicks Jr., entered on January 14, 2010 (Doc. 18), in which he recommends that Defendants' Pre-Answer Motion to Dismiss (Doc. 11) be granted, in part, and denied, in part. Both parties have filed objections to the Recommendation. After *de novo* consideration of the portions of the Recommendation to which objection is made, the Court accepts the Recommendation, in part, but remands the case to the Magistrate Judge for further consideration.

**A.      Background**

Plaintiff contends that Defendants have violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. In his complaint, Plaintiff states that he is a Torah Observant Jew. Plaintiff is forbidden by his religion from removing his earlocks. He alleges that Defendants' refusal to allow him to grow

his earlocks imposes a substantial burden on his religious exercise. Plaintiff states that there is no compelling governmental interest in refusing to allow him to grow his earlocks. Plaintiff's religion also forbids him from using any type of blade to remove his facial hair. He is permitted, however, to use a depilatory to remove his facial hair. In light of the Department of Corrections' facial hair policy, Plaintiff requested that Defendants provide him with a depilatory in the same manner razors are provided to other prisoners for the purpose of removing facial hair. Defendants refused to provide the depilatory, and Plaintiff contends this refusal in light of the grooming policy imposes a substantial burden on his religious exercise. He also contends that there is no compelling governmental interest in refusing to provide him with a depilatory.

Plaintiff has asked that Defendants be ordered to allow him to grow his earlocks, and to provide him with a depilatory in the same manner as razors are provided to the other inmates. He has also asked for declaratory relief in the form of a decree that states he has a protected interest in growing his earlocks and a protected interest in not using any type of blade to remove his facial hair. The Magistrate Judge recommends dismissal of the earlock claim, but believes the depilatory claim should be allowed to move forward.

B.     **Analysis**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the

plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).

A plaintiff is required, however, to provide "more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do. Factual

allegations must be enough to raise a right of relief above the speculative level." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007).

### 1.   RLUIPA

RLUIPA was enacted, in part, to protect inmates who face substantial burdens

in practicing their religions. 42 U.S.C. § 2000cc-1(a) states that

> No government shall impose a substantial burden on the
> religious exercise of a person residing in or confined to an
> institution, as defined in section 1997 of this title, even if
> the burden results from a rule of general applicability,
> unless the government demonstrates that imposition of the
> burden on that person:
>
> (1)   is in furtherance of a compelling governmental
> interest; and
>
> (2)   is the least restrictive means of furthering that
> compelling governmental interest.

42 U.S.C. § 2000cc-1(a)

To succeed on a RLUIPA claim, a plaintiff must first establish a *prima facie*

case.

> To establish a *prima facie* case under section 3 of
> RLUIPA, a plaintiff must demonstrate 1) that he engaged
> in a religious exercise; and 2) that the religious exercise
> was substantially burdened. The plaintiff bears the burden
> of persuasion on whether the ... government practice that
> is challenged by the claim substantially burdens the

> exercise of religion. If the plaintiff succeeds in demonstrating a *prima facie* case, the government must then demonstrate that the challenged government action is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest. In contrast, if the plaintiff fails to present evidence to support a *prima facie* case under RLUIPA, the court need not inquire into whether the governmental interest at stake was compelling.

Smith v. Allen, 502 F.3d 1255, 1276 (11th Cir. 2007) (internal citations, quotation marks, and alterations omitted).

RLUIPA is to be construed broadly in favor of the inmate, 42 U.S.C. § 2000cc-3(g), but at the same time must be applied with due deference to prison officials and their need to maintain order and security. Cutter v. Wilkinson, 544 U.S. 709, 723, 125 S.Ct. 2113, 2123 (2005).

### a.    Earlocks

Defendants do not dispute that Plaintiff has established a *prima facie* case under RLUIPA with regard to his earlocks. Defendants do argue that the Georgia Department of Corrections' ("GDOC") grooming policy is in furtherance of the compelling governmental interests of prison security and identification of inmates, and is the least restrictive means of furthering those interests. The Magistrate Judge agreed, stating that his conclusion that dismissal was required "is premised upon the fact that prison policies prohibiting inmates from wearing facial hair have repeatedly

been found to be the least restrictive means of achieving the compelling government interests of, *inter alia*, inmate identification and security." (Doc. 18, p. 4).

There is no question that prison security is a compelling governmental interest. Cutter, 544 U.S. at 725 n. 13, 125 S.Ct. at 2124. What is not so clear is whether a uniform hairstyle policy for all GDOC inmates is the least restrictive means available to maintain the security of the prisons. Under RLUIPA, the burden is on Defendants to show a compelling governmental interest and that the policy is the least restrictive means of achieving the interest.

Defendants do not devote much argument to the least restrictive means test in their Motion to Dismiss. They state that "[a]s it is well established that the growth of facial hair can affect identification of inmates and security within the prison, the grooming policy is the least restrictive means to achieve compelling state interests." (Doc. 11, p. 14). This conclusory statement is presumably based on the Eleventh Circuit's decision in Harris v. Chapman, 97 F.3d 499, 504 (11th Cir. 1996), which involved a challenge under RLUIPA's predecessor, the Religious Freedom and Restoration Act, to the hair-length regulations contained in the Florida Administrative Code, and enforced by the Florida Department of Corrections. The appellate court found that "a reasonable hair length regulation satisfies the least restrictive means test." Id.

The last time the Eleventh Circuit addressed a hair-length policy under RLUIPA was in 2007, in the unpublished case of Lathan v. Thompson, 251 Fed.

Appx. 665 (11th Cir. 2007). There, the plaintiffs, who adhered to Native American

religion, presented a RLUIPA challenge to the Alabama Department of Corrections'

policy restricting hair length. The district court granted summary judgment in favor

of the defendants. The Eleventh Circuit, however, reversed the decision, finding that

> on the present record factual issues exist as to whether,
> *inter alia*, the defendants' total ban on the wearing of long
> hair and denial of an exemption to the plaintiffs based on
> their Native American religion is 'the least restrictive
> means of furthering [the defendants'] compelling
> governmental interest[s]' in security, discipline, hygiene
> and safety within the prisons and in the public's safety in
> the event of escapes and alterations of appearances. *See*
> 42 U.S.C. § 2000cc-1(a)(2).

Id. at 667.

The appellate court remanded the case to the district court for a bench trial,

after which the district court was to make detailed findings of fact and conclusions

of law. Id.[1]

A number of circuit courts have determined that in order to meet its burden on

the RLUIPA least restrictive means test, the government must demonstrate that it

has "actually considered and rejected the efficacy of less restrictive measures before

adopting the challenged practice." Warsoldier v. Woodford, 418 F.3d 989, 999 (9th

Cir. 2005) (challenge to the California Department of Corrections' grooming policy,

---

[1]According to the docket for the case in the district court, a bench trial has been
held, but no order has been issued. Knight, et al. v. Thompson, et al., case no. 2:93-CV-
1404, Middle District of Alabama.

which required male inmates to maintain hair no longer than three inches); *see also*

Washington v. Klem, 497 F.3d 272, 284 (3d Cir. 2007) (reversing summary judgment

in favor of the defendants because they did not show that a policy limiting prisoners

to ten books in their cells was the least restrictive means of furthering the interests

of safety and security); Spratt v. R. I. Dept. of Corr., 482 F.3d 33, 40-41 (1st Cir.

2007) (reversing summary judgment in favor of the defendant because it failed to

show that a blanket ban on all inmate preaching was the least restrictive means

available to achieve its interest). Defendants certainly have not met this burden here,

which requires more than mere assertions or conclusory statements that there is no

less restrictive means available. While there is no doubt that prison officials may,

under certain circumstances, substantially burden a prisoner's ability to engage in

religious exercises, "in light of RLUIPA, no longer can prison officials justify

restrictions on religious exercise by simply citing to the need to maintain order and

security in a prison. RLUIPA requires more." Greene v. Solano County Jail, 513 F.3d

982, 989-90 (9th Cir. 2008).

This Court has not found any Eleventh Circuit case that specifically addresses

the GDOC's grooming and hair-length policies. The Lathan opinion, even though

unpublished, combined with Defendants' failure to properly address the least

restrictive means test, leads the Court to believe that dismissal of the earlock claim at this stage of the litigation is inappropriate.[2]

There is another issue that must be addressed, however. Defendants contend that Plaintiff's earlock claim should be dismissed because he failed to exhaust his administrative remedies. The Magistrate Judge did not make a ruling on the exhaustion issue, but rather determined that even if the exhaustion issue was resolved in Plaintiff's favor, the earlock claim should still be dismissed.

In light of the Court's findings with regard to the earlocks, the exhaustion issue must be resolved. Since exhaustion of administrative remedies is a matter in abatement, a motion to dismiss is the appropriate forum to decide an exhaustion claim. Bryant v. Rich, 530 F.3d 1368, 134-75 (11th Cir. 2008), *cert denied*, --- U.S. ---, 129 S.Ct. 733 (2008). Accordingly, the Court remands this matter to the Magistrate Judge for a determination on the question of whether Plaintiff properly exhausted his administrative remedies with regard to the earlocks.

---

[2]The Magistrate Judge cited to Brunskill v. Boyd, 141 Fed. Appx. 771 (11th Cir. 2005), in support of his conclusion that the earlock claim does not survive under RLUIPA. The Brunskill court found that the Florida Department of Corrections' policy requiring male inmates to have short hair did not violate RLUIPA. That case, however, was on appeal after summary judgment was granted by the district court, which means that the district court and appellate court both had evidence before them on the issue of least restrictive means. This Court does not have the benefit of any evidence on that issue.

**b.    Depilatory**

The Magistrate Judge found that Plaintiff stated a *prima facie* claim under RLUIPA with regard to the depilatory claim, because he demonstrated that his religious exercise was substantially burdened by a government action, policy, or practice. This conclusion was based on the facts that Plaintiff's religion prohibits him from using a blade to remove facial hair, that the GDOC policy requires Plaintiff to routinely remove his facial hair, and that the only instrument provided by Defendants for this purpose is a razor, which Defendants concede Plaintiff is religiously prohibited from using.

Defendants argue in their objection that there is no substantial burden on Plaintiff's religious exercise because Plaintiff is not being forced to modify his behavior or violate his religious beliefs. Defendants argue that Plaintiff is not prohibited from possessing, purchasing, or using a depilatory, and that they are not required to provide him a depilatory free of charge.

The Eleventh Circuit has defined a "substantial burden" as being "significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." Smith, 502 F.3d at 1277 (*quoting* Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004)). "In order to constitute a 'substantial burden' on religious practice, the government's action must be 'more than . . . incidental' and 'must place more than an inconvenience on religious exercise.' That is, to constitute a substantial burden under RLUIPA, the governmental action must

significantly hamper one's religious practice." Id. (*quoting* Midrash, 366 F.3d at 1227).

The Court agrees with the Magistrate Judge that Plaintiff's allegations, liberally construed, are sufficient to allow him to move forward with the depilatory claim. The fact-intensive inquiry necessary in a RLUIPA case has not yet been made, and there a number of questions that have to be answered before the Court can determine if a RLUIPA violation has occurred. For instance, does Plaintiff have the option of purchasing a depilatory from the prison's store? Would having to purchase a depilatory in order to abide by the grooming policy place a substantial financial burden on Plaintiff? Is a depilatory in this situation considered a religious or devotional accessory, like runestones or firewood? Is Plaintiff requesting that Defendants subsidize his purchase of religious materials? Does a depilatory fall under the category of basic necessities which are to be provided to inmates free of charge, which include "razor blades or other shaving devices?" Ga. Comp. R. & Regs. 125-2-3-.04(1).[3] These are just some of the questions the Court believes need to be addressed in further detail.

The issues relating to the depilatory are best decided on a motion for summary judgment. They should not be resolved on a motion to dismiss. Insofar as

---

[3]Defendants did not provide a copy of the GDOC's grooming policy. The quoted language is taken from the personal hygiene rule found in the Rules and Regulations of the State of Georgia.

Defendants contend that the depilatory claim should be dismissed for failure to state a claim, the Motion to Dismiss is denied.

## C.   CONCLUSION

The Court accepts the Magistrate Judge's recommendation on the depilatory issue, and denies the Motion to Dismiss on that issue. The Court remands the earlock issue to the Magistrate Judge for a determination of whether Plaintiff exhausted his administrative remedies.

SO ORDERED, this the 10th day of February, 2010.

/s/ Hugh Lawson
HUGH LAWSON, SENIOR JUDGE

mbh