IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RALPH HARRISON BENNING,

                Plaintiff

     VS.

STATE OF GEORGIA, *et al.*,

                Defendants

NO. 5:08-CV-435 (HL)

PROCEEDINGS UNDER 42 U.S.C. §2000CC-1(A)
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is the issue of whether or not plaintiff Ralph Harrison Benning exhausted his available administrative remedies prior to filing the instant action with respect to his claim involving the defendants' policy prohibiting him from growing and wearing earlocks.[1] In an earlier recommendation, the undersigned concluded that even if plaintiff Benning had fully exhausted his administrative remedies as to this claim, the claim should nevertheless be dismissed in light of the undersigned's conclusion that prison policies prohibiting inmates from wearing facial hair was the least restrictive means of achieving the compelling government interests of, *inter alia*, inmate identification and security. Tab #18. The parties objected to this recommendation. Tab #20. Following a review of the recommendation and the objections filed thereon, the district judge determined that, at the very least, the defendants had not adequately demonstrated that their grooming policy was the least restrictive means of achieving the compelling government interests noted above. Tab #22. Consequently, and because the issue of exhaustion with respect to this claim had not been fully considered, the district judge remanded the same to the undersigned for further consideration. *Id*.

---

[1] In the context of this action, an earlock is a lock of hair worn in front of each ear by Hasidic and Yemenite Jewish males in accordance with a Biblical prohibition against clipping the hair at the temples.

## **LEGAL STANDARDS**

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based upon the affirmative defense of failure to exhaust is properly raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

## **DISCUSSION**

As noted above, the defendants seek dismissal of this claim based on the affirmative defense of failure to exhaust administrative remedies. Tab #11. In support of this assertion, and in addition to supporting briefs, they have submitted the affidavit of Senior Investigator Marcale Sanders, a record of the plaintiff's grievance history, copies of the grievances filed by the plaintiff during the applicable time period, and relevant sections of the Georgia Department of Corrections Standard Operating Procedures. Relying upon these documents, the defendants aver that the plaintiff did not exhaust or even file any grievances involving the earlock issue.

In his response, and with respect to his exhaustion of this claim, plaintiff Benning concedes that "in the written portions on the grievance forms, [he] did not write down the issue of his earlocks." Tab #14. This admission notwithstanding, he goes on to assert that he has, *by other means*, exhausted his administrative remedies as to this claim. Conversely, he contends that any attempt to exhaust the issue using the defendants' procedures would be futile and/or unnecessary. Now, while it may appear that the plaintiff's admission that he did not grieve this issue utilizing the forms and procedures made available to him by the prison is sufficient to show that he has not exhausted his administrative remedies, further consideration yields a different result.

In particular, and in support of his averment that exhaustion of this issue using the defendants' grievance procedure is unnecessary, plaintiff Benning contends that his earlock issue is non-grievable. This, according to plaintiff, is because "the rule at issue has been put in place as a statutory rule by the Georgia Board of Corrections and is a matter established by the laws of the State of Georgia over which the Georgia Department of Corrections has no control" and because, pursuant to the defendants' policy, matters over which the Department has no control are non-grievable. Consequently, the plaintiff declares that "any grievance attempting to address this issue would be null and void and rejected without the issue being addressed on its merits."

While the plaintiff has mistakenly classified the pertinent rule as statutory, his conclusion that the rule, and therefore the issue, is non-grievable appears to be accurate. This is because the rule was created and adopted by the *Board*, as opposed to the *Department*, of Corrections. *See* Georgia Board of Corrections Rule 125-2-3-.04: Personal Hygiene. This Board of Corrections, which is comprised of individuals appointed by the Governor, has the has the legal authority and responsibility to adopt, establish, and promulgate rules and regulations governing the operation of the Department of Corrections. *See* O.C.G.A. § 42-2-6 and O.C.G.A. § 42-2-11. As such, and in view of the fact that the Commissioner of the Department of Corrections (and by extension all department employees) answer to the Board of Corrections, rules established thereby necessarily constitute matters over which the *Department* of Corrections has no control.

Because the plaintiff's earlock issue arose through the application of rule over which the *Department* of Corrections has no control, the undersigned must agree that, for purposes of this analysis, the issue is non-grievable. As such, any attempt to grieve the issue would not only be futile but also contrary to the grievance policy itself. Consequently, the defendants' argument that the plaintiff's claim involving earlocks should be dismissed on the basis that he failed to exhaust all available administrative remedies is without merit.

## CONCLUSION

Accordingly, and for the reasons stated above, the defendants' motions seeking dismissal of the plaintiff's claim involving earlocks should be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE