**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| RALPH HARRISON BENNING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:08-CV-435 (MTT) |
| STATE OF GEORGIA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on the Recommendation (Doc. 26) of United States Magistrate Judge Claude W. Hicks, Jr. The Magistrate Judge recommends denying the Defendants' Motion to Dismiss (Doc. 11), in which the Defendants request the Plaintiff's claim be dismissed because the Plaintiff failed to exhaust all administrative remedies prior to filing suit. The Magistrate Judge found the issue the Plaintiff complains of, a policy preventing the Plaintiff from growing and wearing earlocks,[1] to be "non-grievable," and therefore exhaustion was not a requirement for bringing the instant action. The Defendants have filed an Objection to the Recommendation (Doc. 27) and the Plaintiff filed a Response thereto (Doc. 30). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Defendants' Objection and the Plaintiff's Response and has made a de novo determination of the portions of the Recommendation to which the Defendants object.

---

[1] In the context of this action, an earlock is a lock of hair worn in front of each ear by Hasidic and Yemenite Jewish males in accordance with a Biblical prohibition against clipping hair at the temples.

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring an action under 42 U.S.C. §1983, he must exhaust all administrative remedies available to him. 42 U.S.C. §1997e(a). Even where the administrative procedures set forth by a prison are futile or inadequate, exhaustion of administrative remedies remains a prerequisite to a prisoner's filing a civil rights action. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Although the Plaintiff admits that "in the written portions on the grievance forms [h]e did not write down the issue of earlocks," as noted above, he contends that the Defendants' grievance procedure is unnecessary because the earlock issue is non-grievable. Non-grievable issues include, among other things, "[m]atters over which the Department has no control." Georgia Department of Corrections Standard Operating Procedure IIB05-0001. In particular, the Plaintiff claims that the rule he is challenging is a rule created and adopted by the *Board*, as opposed to the *Department*, of Corrections. See Georgia Board of Corrections Rule 125-2-3-.04: Personal Hygiene. The Plaintiff is correct. The Board of Corrections is comprised of individuals appointed by the Governor and has the legal authority to adopt, establish, and promulgate rules and regulations governing the operation of the Department of Corrections. See O.C.G.A. § 42-2-11(b). As such, "and in view of the fact that the Commissioner of the Department of Corrections (and by extension all Department employees) answer to the Board of Corrections, rules established thereby necessarily constitute matters over which the *Department* of Corrections has no control." (Doc. 26).

Thus, because the Plaintiff's earlock issue arose through the application of a rule over which the *Department* of Corrections has no control, for purposes of this action, the

issue is non-grievable.  As a result, the Defendants' argument that the Plaintiff's claim involving earlocks should be dismissed for failure to exhaust all available administrative remedies is without merit.  The Recommendation (Doc. 26) is adopted and made the order of this Court.  The Defendants' Motion to Dismiss (Doc. 11) is **DENIED**.

**SO ORDERED**, this 12th day of October, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT