IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RALPH HARRISON BENNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.  5:08-CV-435(MTT) |
| | ) |
| STATE OF GEORGIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on pro se Plaintiff Ralph Harrison Benning's Motion for Reconsideration (Doc. 93) of this Court's Order (Doc. 92) entered January 13, 2012, in which the Court denied the Plaintiff's Motion for Summary Judgment and granted in part and denied in part the Defendants' Motion for Summary Judgment.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga., L.R. 7.6.  Reconsideration is appropriate "only if the movant demonstrates [1] that there has been an intervening change in the law, [2] that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or [3] that the court made a clear error of law." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, the Plaintiff claims that he did not fully brief one issue in his summary judgment filings because he had previously addressed the issue in his motion to proceed in forma pauperis.  Even had this evidence been included in the Plaintiff's summary judgment filings, however, the Court is satisfied that it would not have

changed the factual or legal underpinnings on which the Court's decision was based. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993).  Moreover, the Plaintiff has asserted no intervening change in the law, has presented no new evidence previously unavailable to the parties, and the Court is not persuaded that its original findings were erroneous.  Accordingly, the Plaintiff's Motion for Reconsideration is **denied**.

The Plaintiff also seeks clarification regarding the res judicata effect of the Court's Order granting summary judgment to the Defendants on one of the Plaintiff's two claims.  As the Defendants point out, federal courts are not allowed to dispense legal advice, even to pro se litigants.  *Mikell v. United States*, 2009 WL 3201769 (S.D. Ga. 2009).  As a result, the Court is unable to provide the Plaintiff the clarification he requests.

**SO ORDERED,** this 8th day of February, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT